# MARCUS W. CORWIN, P.A.

6001 Broken Sound Parkway, NW, Ste. 404

Boca Raton, Florida 33487

_____

Tel: 561-482-3636

Marcus W. Corwin
D: 561-962-2010
mcorwin@corwinlawfirm.com

July 13, 2020

Honorable Steven M. Gold, United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re: *Panos, et al. v. Live Nation Worldwide, Inc., et al.,* 1:20-cv-01437-RPK_SMG**

Dear Magistrate Judge Gold:

      Plaintiffs submit this letter brief in further support of their request for discovery and in reply to Defendants' letter brief in response, dated June 29, 2020. [DE 27.]

**I.**

      As an initial matter, Plaintiffs object to Defendants' argument that a certification that the parties had met and conferred was required as part of their letter brief submission. Neither Fed. R. Civ. P. 37 nor the Local Rules for the Eastern District of New York require certification that the parties have conferred in good faith except where there is a discovery or non-dispositive pretrial dispute and before filing a motion to compel disclosure or discovery, in the case of Fed. R. Civ. P. 37 or "seeking judicial resolution of a discovery or non-dispositive pretrial dispute" for the purposes of LR 37.3.  In the present matter, there is no scheduling order for discovery and, thus, counsel cannot make a formal request for discovery or seek to compel disclosure or discovery without permission granted by the Court to commence discovery. Counsel does not wish to play coy, but observes that he did not view this as a discovery dispute covered by either Fed. R. Civ. P. 37 or LR 37.3 as the Court has not ordered the parties to meet and confer on a discovery schedule under Fed. R. Civ. P. 26(f), no discovery schedule has been set, nor formal discovery requests exchanged between the parties.  Plaintiffs' Letter Brief asks the court, albeit in very detailed fashion, to set that process in motion and recognizes that their ability to commence this discovery at this point in time rests in entirely in the Court's hands.

      Even so, out of an abundance of caution and out of respect for the Court's time, counsel for Plaintiffs certifies that he did confer with counsel for Defendants, first on April 21, 2020, when he contacted counsel and sought an agreement to conduct limited discovery generally related to ticket sales for the shows in question, including how and when they were sold, who sold them, and the relevant terms of use or other conditions relevant to sellers and purchasers. [*See* Exh. A, emails dated April 21, 2020.] Defendant declined to agree on the grounds that their counsel saw no disputed facts to be resolved with respect to the agreement to arbitrate.  Eventually, Plaintiff

presented Defendants with a draft of a letter to the Court seeking the same discovery on May 8, 2020. [*See* Exh. B, emails dated May 8, 2020.] Defendants again objected. [*Id.*] It is true that Plaintiffs did not file that letter but, instead, filed the now enhanced letter brief that is before the Court at this time – to which Defendants clearly object, as well, despite their willingness to offer their witness for an hour's deposition.

Defendants have also represented to the Court that they attempted to reach counsel before filing their Response to discuss the issues raised in it but did not receive a response from the undersigned. Considering the time frame, this assertion is disingenuous. In fact, on June 29, 2020 at 11:35 a.m. [*see* docket entry of June 29, 2020 (CM-ECF meta data)], the Court entered a scheduling order requiring Defendants to file any responsive letter brief no later than July 7, 2020. Shortly thereafter, Defendants' counsel reached out by email to advise that they would like to speak with Plaintiffs' counsel about discovery. [*See* Exh. C, emails dated July 7, 2020.] When counsel did not immediately respond, Defendants' counsel reached out yet again at 4:37 p.m. [*See id.*], but Defendants had already filed their responsive letter brief at approximately 3:00 p.m., both before Plaintiffs' counsel could reach back out to them. [*See* DE 28 (CM-ECF meta-data).]

Plaintiffs' counsel respectfully submits to the Court that he has remained in contact and in conference with Defendants' counsel with respect to Plaintiffs' request for discovery, notwithstanding Plaintiffs' understanding that a discovery order would need to be set in place by the Court before counsel's obligation to meet and confer over "discovery disputes" would attach in this matter under either Fed. R. Civ. P. 37 or LR 37.1. Plaintiffs' counsel also asks that the Court take note that Defendants' suggestion that he was unreachable before they were to file their Response is disingenuous, as the Court had already ordered a July 7, 2020, deadline for its filing and Defendants' counsel did not wait a reasonable amount of time for Plaintiffs' counsel to respond to their request to discuss the matter, waiting just under four hours to file it after receiving the Court's order setting the schedule and reaching out to Defendants' counsel.

Plaintiffs' counsel respectfully asks the Court to consider the requests for relief contained in Plaintiffs' letter brief [De 26] at this time.

## II.

Further, Plaintiffs' request for discovery at this juncture is proper for all of the reasons stated in their original letter brief. [*See* DE 26]. Contrary to Defendants' Response [DE 27], Plaintiffs do not seek the pre-complaint discovery, described only in dicta in *In re Backer*, 2010 U.S. Dist. LEXIS 71821, *31-32, 2010 WL 2816789, or discovery on unpled defenses, discussed in *Lifeguard Licensing Corp. v. Kozak*, 2016 U.S. Dist. LEXIS 68724, *9.[1] Plaintiffs' Amended Complaint states claims on behalf of ticketholders to certain concerts that were part of the Madam X Tour, including those who purchased a ticket "through Ticketmaster," "through a ticket reseller or any other person or entity who is neither Ticketmaster nor the box office at the venue where the concert was to be performed," or "through the box office at the venue where the concert was to be performed." [DE 18 at ¶34.]. Plaintiffs' letter brief on this issue provides their basis to believe that some of the class purchased tickets for the concerts in question at the Brooklyn Academy of Music office.

---

[1] Also contrary to Defendants' representations in their Response, Judge Altonaga, presiding in *Meyers v. Live Nation Worldwide,* Case No. 20-cv-20523-CMA (S.D. Fla.), did not suggest that Plaintiffs' request for additional discovery to address matters raised in an already filed motion to compel arbitration in that matter was "regrettable." Rather, she indicated that the reason for her decision to deny the motion to compel arbitration, the fact that Mr. Donowho's declaration provided by Defendants had been lately discovered to be factually incorrect, was "regrettable." [*See* DE 27, PageID #: 212.] Indeed, it was.

Additionally, as explained in its original letter brief, Plaintiffs intend to argue, in response to the anticipated motion to compel arbitration, that Defendants' misrepresentations or changes made as to the nature or conditions of the concerts would render any contract, including any terms of use or requirements to arbitrate, void *ab initio* and unenforceable such that recovery under quasi-contractual terms will be the forward in this matter. *See Bongo-Astier v Carefree Lifestyles, Inc.*, 27 Misc. 3d 1211(A), 1211A, 910 N.Y.S.2d 403, 403, 2010 N.Y. Misc. LEXIS 776, *3-4, 2010 NY Slip Op 50673(U), 2, 243 N.Y.L.J. 61 (discussing enforceability of contract, generally, and with it a forum selection clause where plaintiff alleged quasi-contractual claims while challenging contract's validity). Discovery, even if limited as Plaintiffs have proposed, is absolutely necessary for this issue to be fully briefed.

### III.

The Defendants in this case are non-signatories to the Terms of Use ("TOU"). The only parties to the TOU are Ticketmaster, Inc. and Live Nation Entertainment, Inc. Live Nation Entertainment, Inc. is a public company which owns Ticketmaster. Neither Ticketmaster or Live Nation Entertainment, Inc. are parties. Just because a signatory has agreed to arbitrability with another party does not mean that it must arbitrate with any non-signatory. In order for this Court to decide whether arbitration of arbitrability is appropriate, the court must first determine whether the parties have a sufficient relationship to each other and to the rights created under the TOU.

Plaintiffs are entitled to discovery on the issue of equitable estoppel, including the relationship between the parties, each parties' involvement in the activity of issuing tickets, promoting and providing the concerts and establishing the start time, the temperature policy in the venue, as well as the phone free exclusion policy. Plaintiffs seek discovery with regard to what each Defendants' role was with regard to each of the activities the Plaintiffs allege to be violative of GBL § 349 and § 350, as well as the other causes of action as pled. This is not merit discovery, but instead limited discovery which could be achieved with four interrogatories and requests for production as to the role each of the Defendants had with regard to the operation, management and decision making of the Madame X Tour and the Madonna Brooklyn concerts. This will demonstrate that equitable estoppel does not apply to all Defendants.

### IV.

Discovery as proposed is necessary for all of the reasons stated in Plaintiffs' letter brief and in this reply. [*See* DE 26.]. Plaintiffs respectfully submit that the Court should permit the limited discovery proposed to go forward and set a schedule for it in place. As a practical matter, counsel agrees that a deposition of Mr. Donowho, as proposed by Defendants, would be part of obtaining the information sought.

Respectfully submitted,

*/s/ Marcus W. Corwin*

Marcus W. Corwin

cc: Richard A. Klass, Esq.
Sandra Crawshaw-Sparks, Esq.
Lisa Markofsky, Esq.
David Munkittrick, Esq.